NEAL BRICKMAN, ESQ. (NB0874)
Neal@brickmanlaw.com
THE LAW OFFICES OF NEAL BRICKMAN, P.C.
420 Lexington Avenue, Suite 2440
New York, New York 10170
Telephone: (212)-986-6840
Facsimile: (212)-986-7691
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLY MOFFATT JONES, an individual, *Plaintiff,* v. PONANT USA LLC, a Delaware limited-liability company, *Defendant.* | Case No.: **COMPLAINT** **JURY TRIAL DEMANDED** |

Plaintiff Kimberly Moffatt Jones ("Plaintiff" or "Ms. Jones"), by and through her counsel, The Law Offices of Neal Brickman, P.C., complains and alleges against Defendant Ponant USA LLC ("Defendant" or "Ponant"), on information and belief, that the following are and have been true at all time relevant to this lawsuit unless otherwise indicated specifically to the contrary:

## **JURISDICTION**

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

2. This Court has personal jurisdiction over Ponant because Ponant is registered with the Secretary of State of New York to conduct business in the state of New York and Ponant's principal place of business is in New York, New York.

1

## NATURE OF ACTION

3. This is an action for intentional misrepresentation (fraud) based upon California Civil Code § 1709 and California common law and for negligent misrepresentation based upon California Civil Code § 1710 and California common law.

4. Ponant has caused Ms. Jones to incur intercontinental travel costs, to travel to and from a cruise Ms. Jones never ended up taking, due in substantial part to Ponant's intentional misrepresentations to Ms. Jones or, in the alternative, due in substantial part to Ponant's negligent misrepresentations to Ms. Jones.

## PARTIES

5. Ms. Jones is an individual whose principal residence is in California.

6. Ponant is a limited-liability company organized under the laws of the state of Delaware.

7. Ponant is registered to conduct business in the state of New York.

8. Ponant's principal place of business is in New York, New York.

## VENUE

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Ponant resides in this judicial district and all defendants are residents of the state of New York.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Ponant is subject to this Court's personal jurisdiction with respect to this action.

## **FACTS**

11. In or about August, 2018, by way of Ponant's travel agency representative Heather Loss ("Ponant's Agent"), Ms. Jones booked a cruise on Ponant's ship the *Le Soleal* (the "*Le Soleal*"), set to embark from Ushuaia, Argentina on or about December 20, 2018 and disembark on or about January 5, 2019 (the "Cruise").

12. Ms. Jones was to take the Cruise with her children, and, due to Ms. Jones' son's necessary, medically-based accommodation and being unable to fly commercially, Ms. Jones was required to charter a private airplane (the "Charter") from California to Ushuaia, Argentina to meet the *Le Soleal* and by which to return to California after the Cruise.

13. Ms. Jones sent a copy of the Charter flight itinerary to Ponant during the booking process, and Ponant was aware of Ms. Jones' plans to arrive for and depart from the Cruise by way of the Charter due to Ms. Jones' son's necessary, medically-based accommodation.

14. In or about November, 2018, Ponant represented to Ms. Jones, by way of Ponant's Agent, that the Cruise was to embark from Concepcion, Chile, not from Ushuaia, Argentina (the "Rerouted Cruise").

15. In or about November, 2018, Ponant represented to Ms. Jones, by way of Ponant's Agent, that the reason for the Rerouted Cruise was that the *Le Soleal* had been in a minor accident (the "Minor Accident Misrepresentation").

16. In or about November, 2018, Ponant represented to Ms. Jones, by way of Ponant's Agent, that the accident did not lead to major damage, the repairs that needed to be made were not serious, that all of the repairs had already been made, and ensured Ms. Jones' embarkment on the Cruise within a reasonable time frame under the circumstances (the "Minor Repairs Misrepresentations;" the Minor Accident Misrepresentation and the Minor Repairs Misrepresentations, collectively, the "Ponant Misrepresentations").

17. Upon arrival in Concepcion, Chile, on or about December 20, 2018, Ponant's crew met Ms. Jones and those traveling with Ms. Jones (the "Jones Party") at the Chilean National Customs Service.

18. On or about December 20, 2018, Ponant's crew represented to Ms. Jones that Ponant's crew would take the Jones Party to a hotel for just one night as there was a delay in some of the clean-up of the *Le Soleal* and that the Rerouted Cruise had therefore been delayed.

19. On or about the evening of December 20, 2018, Ponant, by way of the captain of the *Le Soleal* (the "Captain"), finally admitted that the real reason for the Rerouted Cruise and for the delay was not a minor accident, minor repairs, clean-up, or any other explanation Ponant had provided to Ms. Jones but the major problem of the propeller of the *Le Soleal* being broken (the "Major Repair") as part of the accident in which the *Le Soleal* was involved (the "Accident").

20. In fact, Ponant's potential effectuation of the Major Repair, commencing at any point between the date of the Accident and December 20, 2018, in a manner to allow Ms. Jones to be able to go on the Cruise within a reasonable time frame under the circumstances, was impracticable.

21. Ponant knew or should have known that Ponant's potential effectuation of the Major Repair, commencing at any point between the date of the Accident and December 20, 2018, in a manner to allow Ms. Jones to be able to go on the Cruise within a reasonable time frame under the circumstances, was impracticable.

22. At any point between the date of the Accident and December 20, 2018, Ponant should have informed Ms. Jones that Ms. Jones should not fly to Concepcion, Chile whatsoever because effectuation of the Major Repair in a manner to allow Ms. Jones to be able to go on the Cruise within a reasonable time frame under the circumstances was impracticable.

23. Despite the Major Repair requiring longer than a reasonable time frame under the circumstances to effectuate, on or about the evening of December 20, 2018, the Captain represented to Ms. Jones that: 1) while the *Le Soleal* was not ready to embark on December 20,

2018, the *Le Soleal* would generally be ready to embark on December 21, 2018; and 2) a sea trial (a trial designed to confirm the seaworthiness of a ship; "Sea Trial") would take place in the early morning of December 21, 2018.

24. On or about the early morning of December 21, 2018, the Captain, the assistant captain of the *Le Soleal* (the "Assistant Captain") and the *Le Soleal* cruise director (the "Director; the Captain, the Assistant Captain, and the Director, collectively, the "*Le Soleal* Crew") represented to Ms. Jones that there would be no Sea Trial on the morning of December 21, 2018 because the welding associated with the broken propeller was not finished.

25. On or about December 21, 2018, upon learning that the welding associated with the broken propeller was not finished, Ms. Jones called the Charter company and was notified that Ms. Jones had to decide within three hours whether the Charter would fly back to Concepcion, Chile to pick up the Jones Party on December 21, 2018 or whether the Jones Party would be picked up from Ushuaia, Argentina on January 5, 2019.

26. Ms. Jones could not take the chance of being abandoned by the Charter, while the *Le Soleal* failed to embark, with Ms. Jones' children, in Chile, until January 5, 2019.

27. On or about December 21, 2018, having received absolutely no adequate assurance that the repairs to the *Le Soleal* would be made within a reasonable amount of time under the circumstances and having received no assurance amounting to more than Ponant stringing Ms. Jones along, Ms. Jones, being left with no choice, asked the Charter company to pick the Jones Party up on December 21, 2018 and return home to California, without having taken any part in the Rerouted Cruise for which Ms. Jones and the Jones Party had travelled to Concepcion, Chile.

28. On or about December 21, 2018, Ms. Jones made a request to the *Le Soleal* Crew for a refund of the Cruise tickets and a reimbursement for the Charter.

29. On or about December 21, 2018, Ms. Jones, by way of Ponant's Agent, made a request to Ponant headquarters for a refund of the Cruise tickets and a reimbursement for the Charter.

5

30. On or about December 21, 2018, Ponant, by way of, including, without limitation, the Director, represented to Ms. Jones that Ponant would later reimburse Ms. Jones for the Charter.

31. The Accident did lead to major damage, the repairs that needed to be made were serious, all of the repairs had not already been made prior to the making of the Ponant Misrepresentations or prior to December 20, 2018, and Ponant could not ensure Ms. Jones' embarkment on the Cruise within a reasonable time frame under the circumstances.

32. The reason for the delay of the embarkment date was not due to the clean-up of the *Le Soleal*.

33. The *Le Soleal* would not be ready to embark on December 20, 2018 or within a reasonable time frame under the circumstances.

34. Due to the Ponant Misrepresentations, Ms. Jones and the Jones Party were foreclosed from participating in comparable holiday travel in December, 2018 and January, 2019 and have been foreclosed from participating in comparable travel since.

35. Ponant failed to reimburse Ms. Jones for the Charter or any of the losses Ms. Jones suffered as a result of reliance on the Ponant Misrepresentations.

## FIRST CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION

36. Ms. Jones incorporates and realleges every allegation set forth above.

37. Ponant made each of the Ponant Misrepresentations to Ms. Jones.

38. Each of the Ponant Misrepresentations were false.

39. Ponant knew that that each of the Ponant Misrepresentations was false when Ponant made each of the Ponant Misrepresentations, or, in the alternative, Ponant made each of the Ponant Misrepresentations recklessly and without regard for the truth of each of the Ponant Misrepresentations.

40. Ponant intended that Ms. Jones rely on each of the Ponant Misrepresentations and on the Ponant Misrepresentations collectively.

41. Ms. Jones reasonably relied on each of the Ponant Misrepresentations and on the Ponant Misrepresentations collectively.

42. Ms. Jones was harmed as a result of her reasonable reliance on each of the Ponant Misrepresentations and on the Ponant Misrepresentations collectively.

43. Ms. Jones' reasonable reliance on the Ponant Misrepresentations was a substantial factor in causing Ms. Jones to incur approximately $355,000 in roundtrip airfare and other losses.

44. Ms. Jones is entitled to exemplary damages for Ponant's intentional misrepresentations pursuant to California Civil Code § 3294.

## SECOND CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

45. Ms. Jones incorporates and realleges every allegation set forth above.

46. Ponant made each of the Ponant Misrepresentations to Ms. Jones.

47. Each of the Ponant Misrepresentations were false.

48. Ponant had no reasonable grounds for believing the Ponant Misrepresentations were true when Ponant made each of the respective Ponant Misrepresentations.

49. Ponant intended that Ms. Jones rely on each of the Ponant Misrepresentations and on the Ponant Misrepresentations collectively.

50. Ms. Jones reasonably relied on each of the Ponant Misrepresentations and on the Ponant Misrepresentations collectively.

51. Ms. Jones was harmed as a result of her reasonable reliance on each of the Ponant Misrepresentations and on the Ponant Misrepresentations collectively.

52. Ms. Jones' reasonable reliance on the Ponant Misrepresentations was a substantial factor in causing Ms. Jones to incur approximately $355,000 in roundtrip airfare and other losses.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendants as follows:

a. Compensatory damages related to the Intentional Misrepresentation and Negligent Misrepresentation causes of action, in an amount to be proven at the time of trial;

b. For exemplary damages stemming from Ponant's intentional misrepresentations, to be determined at the time of trial;

c. For costs of suit.

Respectfully submitted this 5th th day of April, 2019.

THE LAW OFFICES OF NEAL BRICKMAN, P.C.

By _____
NEAL BRICKMAN, ESQ. (NB 0874)
Neal@Brickmanlaw.com
420 Lexington Avenue, Suite 2440
New York, New York 10170
Telephone: (212 - 986-6840
Facsimile: (212) – 986-7691
*Attorneys for Plaintiff*
*Kimberly Moffatt Jones*