```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
KIMBERLY MOFFATT JONES,

                    Plaintiff,                MEMORANDUM AND ORDER
           - against -
                                               19 Civ. 3041 (NRB)
PONANT USA LLC,

                    Defendant.
--------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On May 14, 2020, the Court granted Ponant USA LLC's ("Ponant") motion to enforce a foreign forum-selection clause against Kimberly Moffat Jones and dismissed this case. See Jones v. Ponant USA LLC, 19 Civ. 3041 (NRB), 2020 WL 2489076 (S.D.N.Y. May 14, 2020). On June 11, 2020, Jones moved under Federal Rule of Civil Procedure 59(e) for the Court to reconsider its decision. See ECF No. 49. The Court denies the motion for the reasons stated herein.

## BACKGROUND

The Court assumes familiarity with its prior decision, including the factual background described therein.

## DISCUSSION

Reconsideration of a prior decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F.Supp. 2d 613, 614 (S.D.N.Y. 2000)

1

(quotation marks omitted). The standard for granting reconsideration under Rule 59(e) is thus "strict," and the motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quotation marks omitted). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." Marshall v. United States, 368 F.Supp. 3d 674, 677 (S.D.N.Y. 2019) (quotation marks omitted). A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 4 Pillar Dynasty LLC v. New York & Co., Inc., 933 F.3d 202, 216 (2d Cir. 2019) (quotation marks omitted). Whether to reconsider a decision under Rule 59(e) "is, of course, committed to the sound discretion of the district judge." McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

Jones has failed to demonstrate under these standards that the Court should reconsider its prior decision. Her central contention is that the Court erred in sua sponte treating Ponant's motion to dismiss under Rule 12(b)(3) based on the Forum-Selection Clause as a motion to dismiss for forum non conveniens, which the Court did after determining, first, that Supreme Court precedent clearly established that the doctrine of forum non conveniens, not Rule 12(b)(3), governs the enforcement of foreign forum-selection

2

clauses such as the Forum-Selection Clause, and, second, that the parties had contested the enforcement of the Forum-Selection Clause pursuant to the legal principles governing forum non conveniens in the Second Circuit.  See Jones, 2020 WL 2489076, at *3, n.1 (citing Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tx., 571 U.S. 49, 55, 60 (2013)).  District courts often sua sponte adjudicate motions to dismiss under Rule 12(b)(3) based on foreign forum-selection clauses as motions to dismiss for forum non conveniens given the high frequency with which litigants, such as the parties here, overlook Atlantic Marine and misidentify Rule 12(b)(3) as the proper procedural mechanism for enforcing such clauses.  See, e.g., Mechanix Wear, Inc. v. Performance Fabrics, Inc., No. 16 Civ. 9152 (ODW), 2017 WL 3081687, at *1 (C.D. Cal. Jan. 10, 2017); Bridgemans Servs. Ltd. v. George Hancock, Inc., No. 14 Civ. 1714 (JLR), 2015 WL 4724567, at *4, n.3 (W.D. Wash. Aug. 7, 2015); Fubon Ins. Co. Ltd. v. OHL Int'l, No. 12 Civ. 5035 (RJS), 2014 WL 1383604, at *5 (S.D.N.Y. Mar. 31, 2014).  In fact, the only courts of appeals that have considered the propriety of the practice both held that doing so is not an abuse of discretion in light of Atlantic Marine's dictate that "when a forum-selection clause requires suit in a specific nonfederal forum, the doctrine of forum non conveniens is the proper vehicle to enforce the clause."  See Mueller v. Apple Leisure Corp., 880 F.3d 890, 894 (7th Cir. 2018) (citing Atl. Marine Const. Co., 571 U.S. at 60);

3

Produce Network, L.L.C. v. NYK Line, 679 Fed. App'x 166, 168 (3d Cir. 2017).  The Court finds the Seventh Circuit's reasoning in Mueller, which considered a challenge virtually identical to the one Jones levies here, wholly convincing, and thus rejects the assertion that its sua sponte treatment of Ponant's motion to dismiss under Rule 12(b)(3) as one for forum non conveniens was improper.  See 880 F.3d at 894.

Jones further argues that under Sahu v. Union Carbide Corp., 548 F.3d 59 (2d Cir. 2008), the Court was required to afford her notice that it was going to treat Ponant's motion to dismiss as one for forum non conveniens before it granted Ponant's motion. Sahu held that a district court erred when it sua sponte converted a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56 because, prior to granting the motion, the court had failed to afford the plaintiffs the notice required under Rule 12(d).  548 F.3d at 66-67.  Rule 12(d), however, applies only when a court treats "a motion under Rule 12(b)(6) or 12(c)" as a motion for summary judgment under Rule 56.  See Fed. R. Civ. P. 12(d); cf. Crawford v. United States, 796 F.2d 924, 928 (7th Cir. 1986) (Posner, J.) ("The omission from the Federal Rules of Civil Procedure of a provision for converting a Rule 12(b)(1) motion into a summary judgment motion if evidence is submitted with it was not an oversight."). Rule 12(d) was therefore inapposite to Ponant's motion to dismiss, which it had brought under Rule

4

12(b)(3), and Sahu did not obligate the Court to inform Jones that it would treat Ponant's motion to dismiss as one for forum non conveniens before adjudicating it.

Jones also protests the Court's consideration of documents in the Declaration of Christopher B. Kende, which Ponant submitted in support of its motion to dismiss, on the ground that the documents were "not mentioned" in her complaint.  ECF No. 49 at 5-6.  When adjudicating a motion to dismiss under Rule 12(b)(3) or for forum non conveniens, however, the Court can consider evidence outside the pleadings, including "affidavits submitted by the moving and opposing parties."  Aguas Lenders Recovery Grp. v. Suez, S.A., 585 F.3d 696, 697 n.1 (2d Cir. 2009) (quotation marks omitted) (forum non conveniens); TradeComet.com LLC v. Google, Inc., 693 F.Supp. 2d 370, 375 n.3 (S.D.N.Y. 2010) (Rule 12(b)(3)).[1]  Moreover, the documents fell squarely within the precept that "[p]laintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim -- and that they apparently most wanted to avoid -- may not serve as a means of forestalling the district court's decision on the motion."  Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 44 (2d Cir. 1991).

---

[1] As a corollary, Jones' assertion that she would have submitted affidavits from her travel agents and others had she been aware that the Court would adjudicate Ponant's motion to dismiss based on forum non conveniens falls flat because she was entitled to submit such affidavits under Rule 12(b)(3).  See ECF No. 49 at 5-6.

Jones' arguments that the Court should reconsider its prior decision because she did not assent to the Forum-Selection Clause, and because the Forum-Selection Clause's language was too vague to be enforceable, also fall short. ECF No. 49 at 6-8. As an initial matter, the Court considered and rejected these arguments in its prior decision. Even if it had not, however, such arguments cannot warrant reconsideration because "Rule 59 is not a vehicle for . . . taking a second bite at the apple." Analytical Surveys, Inc., 684 F.3d at 52 (quotation marks omitted).

The Court has considered Jones' remaining arguments, none of which warrant reconsideration of its prior decision. See, e.g., Jones, 2020 WL 2489076, at *4 n.2 (explaining why the Court was not required to hold an evidentiary hearing).

## CONCLUSION

The Court denies Jones' motion for reconsideration for the reasons stated herein. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 49.

**SO ORDERED.**

Dated: New York, New York
June 15, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

6